UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES THOMAS,

               Plaintiff,

               -against-

CITY OF NEW YORK; DOC; ARRESTING OFFICER; ETC.,

               Defendants.

19-CV-11028 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

      Plaintiff, who is proceeding *pro se* and *in forma pauperis*, is currently incarcerated at Marcy Correctional Facility. Plaintiff filed this complaint under 42 U.S.C. § 1983, alleging that his constitutional rights had been violated. By order dated January 17, 2020, the Court dismissed Plaintiff's complaint for failure to state a claim, and granted him leave to replead his claims. Plaintiff filed an amended complaint on February 26, 2020, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff filed this action against the City of New York, the Director of the Federal Bureau of Investigation (FBI), the United States Supreme Court, and the "White House." In the original complaint, Plaintiff asserts that the underlying events occurred in the Bronx Supreme Court "on or about 2013-2019." Plaintiff asserts that he was "given 17 years on a case where I could have only been convicted of robbery in second [degree] and use of force to place in court. I

was also force feed by DOC working for FBI." Plaintiff further asserts that he suffered injury "from use of force and brain from drugs placed in my food. I have been to hospital and on day a stage trial took place. I wrote White House and nothing was done and I was attacked again." Plaintiff seeks money damages and "to be left alone."

By order dated January 17, 2020, the Court dismissed Plaintiff's complaint because: (1) there were no facts supporting a municipal liability claim against the City of New York; (2) Plaintiff's claims against the federal defendants are barred by the doctrine of sovereign immunity; (3) to the extent Plaintiff could assert a claim under the Federal Tort Claims Act, he had failed to allege that he had exhausted his administrative remedies; and (4) any challenge to his state court conviction must be brought by filing a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, after exhausting his state court remedies. In an abundance of caution, the Court granted Plaintiff thirty days' leave to file an amended complaint. (ECF 1:19-CV-11028, 9.)

Plaintiff filed an amended complaint naming as Defendants the City of New York, "DOC," and "arresting officer." Plaintiff alleges that the underlying events occurred at three different correctional facilities (Wende, Downstate, and Attica) "on or about January 1, 2020." He asserts the following:

> I was force fed and arrested and force was excessive and case was dismissed. I was drug[ged] and [poisoned], by officers of DOC and police, and taken to all cells areas in Attica and beaten and other jail use of use [sic] took place in Central, Wend[e], Downstate, Attica, etc. was place on draft and beaten in all jails in NY officer claim I stab inmate! All this took place due to request for FOIL.

(ECF 1:19-CV-11028, 10.)

Plaintiff seeks money damages and "FOIL of all cell numbers in DOC of said jails being that I was taken to these cells and use took place of force of all cells in DOC in New York."

3

# DISCUSSION

Plaintiff's amended complaint does not comply with federal pleading rules. Plaintiff names "DOC" as a defendant. If Plaintiff intended to sue the New York City Department of Correction, those claims must be dismissed. An agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

Although Plaintiff again names the City of New York, the amended complaint does not set forth facts suggesting that a municipal policy, custom, or practice was implicated by the alleged events. *See Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978).

Plaintiff may have intended to sue the New York State Department of Corrections and Community Supervision (DOCCS). "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's § 1983 claims against DOCCS are therefore dismissed.

Finally, Plaintiff names an "arresting officer," and alleges that he was arrested, subjected to excessive force, and "force fed." While these are serious allegations, the amended complaint fails to provide facts explaining what occurred, when or where those events occurred, and what the arresting officer's role was in any of those events. Although Plaintiff's original complaint contained allegations about events occurring at the Bronx courthouse, the amended complaint purports to involve matters occurring at Wende, Attica, and Downstate Correctional Facilities. Plaintiff fails to provide any information about the manner in which an arresting officer could have been personally involved in events arising at any of those facilities. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994).

## LITIGATION HISTORY

Plaintiff is an experienced litigator, having previously filed a number of *pro se cases* in this Circuit. *See Thomas v. Jacobs*, ECF 7:19-CV-6554, 1 (CS) (S.D.N.Y. filed July 12, 2019) (pending action in which Plaintiff alleges that he was sexually abused at Sullivan Correctional Facility in 2019, naming Correction Officer Jacobs; Sergeant Miller, and Superintendent William Keyser); *Thomas v. Wolf*, ECF 7:18-CV-6305, 35 (VB) (S.D.N.Y. Apr. 15, 2019) (dismissing third amended complaint against Sullivan County Correctional Officer Bennett and Dr. Wolf for failing to allege facts showing that Plaintiff was denied adequate medical care), *recons. denied* (S.D.N.Y. May 2, 2019), *appeal pending*, 19-1314 (2d Cir.); *Thomas v. Keyser*, No. 17-CV-6203 (W.D.N.Y. May 15, 2018) (dismissing federal claims for failure to state a claim and dismissing state law claims without prejudice); *Thomas v. Macklin*, No. 17-CV-0531 (N.D.N.Y. Aug. 10, 2017) (severing and transferring claims to SDNY, dismissing remaining federal claims for failure to state a claim, and dismissing state law claims without prejudice); *Thomas v. City of New York*, No. 16-CV-2924 (E.D.N.Y. Sept. 21, 2016) (dismissing complaint, after granting

5

leave to amend, for failure to state a claim); *Thomas v. City of New York*, ECF 1:16-CV-7937, 11 (S.D.N.Y. Feb. 15, 2017) (same).[1]

In light of this litigation history, Plaintiff should know the elements of a § 1983 claim and how to plead a viable claim. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent pro se litigant may be charged with knowledge of particular legal requirements).

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

This order is to be mailed in chambers.

SO ORDERED.

Dated: April 10, 2020
New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.

---

[1] Plaintiff has also filed a number of cases that were dismissed for failure to comply with court orders. *See Thomas v. Macklin*, No. 17-CV-6074 (S.D.N.Y. Dec. 12, 2017); *Thomas v. City of New York*, No. 15-CV-5153 (E.D.N.Y. Sept. 27, 2017); *Thomas v. City of New York*, No. 16-CV-1519 (N.D.N.Y. Dec. 22, 2016); *Thomas v. State of New York*, No. 16-CV-1414 (N.D.N.Y. Nov. 30, 2016); *Thomas v. City of New York*, No. 16-CV-8340 (S.D.N.Y. Feb. 12, 2016).